†NANCY BOWSER v. CITY OF TOLEDO.

CONSTRUCTION OF PUBLIC SEWER ACROSS PRIVATE PROPERTY.

Where a public sewer is constructed by a municipal corporation, across a piece of farming land, the fee of such land remaining in the farmer; *held*, that the city in such case owes no duty to the owner of the fee, with reference to the maintenance of the surface over the sewer and is not liable in damages to an employee of the owner of such lands for any injury that he may suffer, such injury not resulting from any defect in the construction nor in the maintenance of such sewer.

ERROR.

† For another opinion in this case, see 6 Circ. Dec., 83.

Bowser v. City of Toledo.

KING, J.

This proceeding is to reverse the judgment of the court of common pleas. Nancy Bowser brought her action against the city of Toledo to recover for the loss of a horse which she alleged was of the value of $125. The petition set forth that about July, 1877, the defendant, a municipal corporation, had constructed a public covered sewer across a piece of farming land which was then and is now owned in fee by one Samuel Blanchard, being a strip about fourteen feet in width across that piece of land. She further charges that the defendant carelessly and negligently constructed the sewer in an unsuitable, and unfit and unworkmanlike manner, and that the same by reason thereof became and was for a long period of time prior to the 14th day of July, 1891, out of repair and in a dangerous condition, in this: that it caved in so as to make a dangerous and deep hole in a part of the strip so condemned and so used by the said defendant for sewer purposes; and that the plaintiff, Nancy Bowser, was the owner of a team of horses, and was engaged in the business of farming; that Samuel Blanchard, the owner of the land, had growing upon this field a crop of grass, and that he employed the plaintiff to cut it for him for hire; that she, in pursuance of her employment by Blanchard, went upon the land with her team of horses, and that one of them fell into this hole or cave-in, and was injured, from which injuries it died. The action was brought before a justice of the peace, and judgment rendered in favor of the plaintiff for $100, and the action appealed to the court of common pleas. There she filed her petition, and there was an answer to that, in which the defendant admitted that it owned the sewer in question; that it had appropriated the fourteen feet of land across Mr. Blanchard's farm for sewer purposes, and that it had constructed through that piece of land a sewer; but it denied all the other allegations of the petition—denied that the injury occurred on account of any negligence of the defendant in the construction of the sewer, but alleged that it was occasioned by want of care of the plaintiff and her servant.

The trial came on in the court of common pleas, and about this state of facts was shown: that Blanchard was the owner of this land; that the city had appropriated a strip fourteen feet wide through it for sewer purposes, had entered into possession of it, and constructed a sewer of brick or tile. There was also a catch-basin constructed of brick, with a cover of wood. At the time of the happening of this injury the earth around the catch-basin had caved in, and fallen away, so that there was a considerable of a hole there. Mr. Blanchard employed Nancy Bowser to mow his field of grass, and she sent her husband in charge of the team which she owned to do the mowing, and while he was mowing across this piece, including the part which the city had appropriated for sewer purposes, one of the horses fell into this hole, and was badly injured and died. Mr. Blanchard testified upon the trial that he had known of this condition for about eight months, and knew of it at the time that he sent Mr. Bowser in there to mow it, and said nothing to him about it. The place around the hole was covered with high grass and weeds, and was not readily seen. Mr. Bowser did not see it.

When this evidence was all in on the part of the plaintiff, the city moved that the court take the case from the jury and direct a verdict for the defendant, which the court proceeded to do. And it is this action of the court which we are asked to reverse.

5   C. C.   43.

The court placed its ruling in that matter, and very properly we think, upon the ground that the charge made in the petition was that the city was negligent in the construction of the sewer, and that the proof had utterly failed to show that the city had been negligent in its onstruction.

Thereupon the plaintiff asked leave to amend her petition, and that motion was denied, to which plaintiff excepted. She desired to amend it by inserting allegations which would cause it to read that the city had negligently controlled and managed the sewer, by reason whereof it became and was for a long time prior to the 14th day of July, 1891, out of repair and in a dangerous condition. Considerable stress is placed in the argument upon the refusal of the court to allow that amendment

We would not have very much trouble with that question, if the plaintiff had a case here upon the facts proven upon the trial; for we must assume that she has no other facts than those offered here, and that the only difficulty was that the petition did not by its allegations meet these facts. These facts simply show that the city had appropriated this private property for sewer purposes. We think that gave the city the right to enter upon there and construct this sewer, and, so far as the city is alone concerned, the right to construct it in any manner it pleased. And we are of the opinion that it owed no duty to the public nor to the owner of the fee to maintain the surface of land thus appropriated in safe condition for travel; that this was not a highway, or a public way like an alley, or anything else that the public had any business upon. It was Mr. Blanchard's private property. Mr. Blanchard retained the fee to the soil—retained the right to cultivate and use the surface of it for any purpose that it was possible to use it—except that the city always had free and uninterrupted access to it for any purpose that was necessary in the construction and repair of that sewer. Mr. Blanchard could not interfere with the sewer or the right of the city to go to the sewer, but for any other purpose he could use the land. Mr. Blanchard's, knowledge of the use of this property was shown by the evidence to have been with knowledge of its exact condition. He testified that he had known of it for six or eight months; that he had complained to the sewer inspector months before that it was out of repair. Had that been upon the public highway, there might have been a case made against the city, but being on Mr. Blanchard's own land, Mr. Blanchard could not drive a horse into the hole and sue the city. Neither could he hire a man and put him in there to be injured, and the man thereafter recover from the city for his damage by reason of the hole. If Mr. Blanchard's own negligence contributed to an injury to his own team, clearly he could not recover. If Mr. Blanchard's negligence contributed to the injury the team of his employee, Mrs. Bowser, surely she could not recover. Clearly, she was Mr. Blanchard's employee. He sent her husband in there with a knowledge of the exact condition. That, in our judgment, would be fatal to a recovery.

Again, this injury did not happen in consequence of any defect in the construction, nor in the maintainance of this sewer, but from the settling or caving in of the earth covering the sewer and around the catch-basin.

It has been said that this court decided upon a demurrer that this petition was good. The opinion of the court is short, but it decides nothing more than that a case might be made out under the petition.

But it is clear that the evidence here shown makes no case against the city for which Mr. Blanchard or his employee could recover for any injury to their property. If Mr. Blanchard had turned his stock into that field, he would have turned it in subject to the right of the city to have a sewer there, and to have the sewer in operation, and if the sewer itself or the cover over the sewer had become destroyed or broken in any manner, perhaps a different rule would apply; but the evidence here shows that the earth around the catch-basin had simply fallen in and left a hole in the ground near the catch-basin, not into the sewer. The catch-basin was located near a ravine where it would catch some water that came from the high ground around, and let it flow into the sewer- -probably from some of the streets and alleys above there. In any event, it is enough for the court to say that the evidence in this case discloses clearly that Mr. Blanchard himself had complete knowledge of the condition of this sewer, and that his employee was chargeable with his knowledge of that condition. Even although he emyloyee furnished his own tools and team with which to do the work that Mr. Blanchard had employed him to do, that makes no difference. Mr. Blanchard's negligence is imputable to the employee, and if he drove his team into that hole, for that reason he could not recover against the city.

We hold, that the court below committed no error, in refusing to permit the plaintiff to amend her petition nor in its instruction to return a verdict for the defendant.

*L. H., Wilkinson* and *A. W. Eckert* for Plaintiff in Errror.

*C. F. Watts*, for Defendant in Error.